In re GLK, INC., Debtor.

GLK, INC., dba MGAS; Marvin Givant Attorney Service; Spirit Legal Courier Messenger Service, Appellant,

v.

**UNITED STATES of America, on behalf of INTERNAL REVENUE SERVICE, Appellee.**

No. 89–55196.

United States Court of Appeals, Ninth Circuit.

Submission Deferred May 10, 1990.

Resubmitted Nov. 15, 1990.*

Decided Dec. 28, 1990.

Mark Bernsley, Encino, Cal., for appellant.

Shirley D. Peterson, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.R. App.P. 34(a); 9th Cir.R. 34–4(b).

**968**

Before WALLACE, THOMPSON and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

The debtor, appellant GLK, Inc., filed a proposed plan of reorganization pursuant to Chapter 11 of the Bankruptcy Code. The plan contained a provision that payments by GLK to the Internal Revenue Service would be "applied first to any trust fund liability." The bankruptcy court found that these tax payments were involuntary, and for that reason it entered an order striking the allocation language from the plan. In doing so, the bankruptcy court relied on *United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.)*, 833 F.2d 797 (9th Cir.1987). GLK appealed the bankruptcy court's order to the bankruptcy appellate panel ("BAP"). The BAP affirmed, and GLK then appealed to this court.

During the pendency of this appeal, the Supreme Court decided *United States v. Energy Resources Co.*, —— U.S. ——, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). The Court held that bankruptcy courts "may order the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success." *Id.* 110 S.Ct. at 2143.

We remanded this case to the BAP for remand to the bankruptcy court to make a finding on whether allocation of GLK's tax payments to the trust fund tax liability was necessary to the success of the plan of reorganization. The bankruptcy court found that such an allocation was not necessary to the success of the plan. Thus, regardless of whether the payments are classified as "voluntary" or "involuntary" the bankruptcy court did not err in striking the allocation language from the plan.

The decision of the bankruptcy appellate panel is AFFIRMED.