**In the Matter of VISITING NURSE ASSOCIATION OF TAMPA BAY, INC., further d/b/a VNA of Tampa Bay, Debtors.**

**Bankruptcy No. 89–5103–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 17, 1991.

Richard C. Prosser, Tampa, Fla., E. Michael Flanagan, Special Counsel, for debtor.

Roberta A. Colton, Tampa, Fla., for Judith M. Travis.

Catherine Peek McEwen, Tampa, Fla., for Transworld Center Associates, Ltd.

Thomas B. Mimms, Jr., Tampa, Fla., for First Florida Bank.

Michael A. Cauley, Asst. U.S. Atty., Tampa, Fla.

ORDER SUSTAINING UNITED
STATES OBJECTION TO
PLAN OF REORGANIZATION

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Objection to Plan of Reorganization

filed by the United States of America. The Court, having considered the Plan of Reorganization, the Objection to Plan of Reorganization, and the record, finds the relevant facts as follows:

On July 20, 1989, Visiting Nurse Association of Tampa Bay, Inc., further d/b/a VNA of Tampa Bay (Debtor), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C.).[1] The United States Internal Revenue Service (IRS) filed a proof of claim for $181,112.06 in unpaid taxes, of which $97,195.07 represents secured taxes, $76,649.86 represents unsecured priority taxes, and $7,267.14 represents unsecured general taxes.[2]

Debtor has proposed a liquidating Plan of Reorganization.[3] Debtor's Plan specifies that all payments made to the IRS shall first be applied to the trust fund portion[4] of the tax claim. The IRS objected to Debtor's Plan because the designation provision is not necessary to the success of a reorganization plan.

The sole issue for determination is whether this Court may confirm a Chapter 11 liquidating plan which includes a provision directing the IRS to apply any payments first to the trust fund portion of the tax claim.

The Supreme Court has recently considered whether a bankruptcy court has the authority to order the IRS to apply a payment from a corporate Chapter 11 debtor to the trust fund portion of the taxes owed. *United States v. Energy Resources Co.,* — U.S. ——, 110 S.Ct. 2139, 109 L.Ed.2d

580 (1990). The Court held that, indeed, a bankruptcy court has such authority provided the bankruptcy court determines the designation "is necessary to the success of a reorganization plan." *Energy Resources,* 110 S.Ct. at 2142.

In the instant case, Debtor has a tremendous hurdle to overcome to persuade this Court that the designation provision in its Plan of Reorganization is necessary to the success of a reorganization. Namely, Debtor has proposed a liquidating plan of reorganization. Debtor has sold all of its assets in order to fund its Plan. There will be no surviving, reorganized entity. Permitting Debtor to designate how payments to the IRS are to be applied will in no way contribute to a reorganization plan.

Dr. Judith M. Travis, President of Debtor's Board of Directors and a creditor herein, filed a response to the IRS's Objection to Plan of Reorganization. Dr. Travis contends that although the holding of the Supreme Court in *Energy Resources* revolves around a reorganization plan, nothing in the opinion requires a reorganization plan as opposed to a liquidating plan. Further, Dr. Travis contends, *Energy Resources* in fact involved a liquidating plan as is obvious by reading the following excerpt from the bankruptcy court's opinion:

... the debtors, Energy Resources Co., Inc. and its affiliates, commenced proceedings under Chapter 11 of the Bankruptcy Code.... this Court confirmed the debtors' Plan pursuant to which the [Erco Liquidation] Trust was established. The purpose of the [Erco Liquidation]

---

1. See *Visiting Nurse Ass'n of Tampa Bay v. Sullivan (In re Visiting Nurse Ass'n of Tampa Bay),* 121 B.R. 114 (Bankr.M.D.Fla.1990), for earlier proceedings in this case.

2. There is a small discrepancy in the summary and the detailed breakdown provided by the IRS. The detailed breakdown lists the secured taxes at $97,195.08, the unsecured priority taxes at $76,649.87, and the unsecured general taxes at $7,267.14, which would result in a grand total of $181,112.09.

3. Debtor has, in fact, sold all its assets. On April 11, 1990, this Court approved the sale of Debtor's assets along with all the assets of Visiting Nurse Corporation of Tampa Bay, the parent corporation of the instant Debtor and a debtor itself in a companion Chapter 11 case

(Case No. 89–5104–8B1) to Infomed, Inc., for a total purchase price of $360,000. Seventy-five percent of the purchase price, or $270,000, was allocated to Debtor; the remaining 25 percent of the purchase price, or $90,000, was allocated to Visiting Nurse Corporation of Tampa Bay.

4. Employers are required to withhold income taxes and social security taxes from their employees' gross pay. 26 U.S.C. §§ 3102(a) and 3402(a). These withheld sums are held in trust for the United States (26 U.S.C. § 7501(a)) and, hence, are commonly referred to as trust fund taxes. *Slodov v. United States,* 436 U.S. 238, 242–243, 98 S.Ct. 1778, 1782–1783, 56 L.Ed.2d 251 (1978).

Trust ... is to liquidate all remaining assets of the debtors for the benefit of their creditors.

*In re Energy Resources Co.*, 59 B.R. 702, 703 (Bankr.D.Mass.1986).

Initially, this Court is not persuaded the above-quoted language, standing alone, delineates that *Energy Resources* involved a liquidating plan rather than a plan of reorganization. However, this Court need not look solely to the bankruptcy court's opinion in *Energy Resources.* The opinion of the Court of Appeals for the First Circuit provides a more in-depth recitation of the facts:

> ... the bankruptcy court confirmed a reorganization plan under which all of Energy Resources' assets, except those of its Environmental Division, would be placed in a special trust (called the ERCO Liquidation Trust) to pay debts owed ... The plan also provided that a reorganized Energy Resources, Inc. would, upon merging with an independent company, continue to operate ...

*Internal Revenue Service v. Energy Resources Co. (In re Energy Resources Co.)*, 871 F.2d 223, 226 (1st Cir.1989). Clearly, *Energy Resources* involved a plan of reorganization and not a liquidating plan.

Courts which have considered the application of *Energy Resources*, including the Court of Appeals for the Eleventh Circuit whose precedent is binding upon this Court, have uniformly held that *Energy Resources* is a very narrow ruling limited solely to reorganization situations. See *United States v. Kare Kemical, Inc. (In re Kare Kemical, Inc.)*, 935 F.2d 243 (11th Cir.1991) (*Energy Resources* applies to Chapter 11 reorganization cases but not to Chapter 11 liquidation cases); *GLK, Inc. v.*

*United States (In re GLK, Inc.)*, 921 F.2d 967 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2797, 115 L.Ed.2d 971 (1991) (*Energy Resources* permits allocation of tax payments in a Chapter 11 reorganization only when the bankruptcy court finds such allocation is necessary to the success of the plan); *Sonntag v. United States (In re Equipment Fabricators, Inc.)*, 127 B.R. 854, 91–1 U.S.T.C. ¶ 50,097 (D.Ariz.1991) (*Energy Resources* is inapplicable to a liquidating Chapter 11 because *Energy Resources* is limited to the reorganization situation); *In re F.A. Dellastatious, Inc.*, 121 B.R. 487 (Bankr.E.D.Va.1990), *In re Arie Enterprises*, 116 B.R. 641 (Bankr.S.D.Ill. 1990), and *In re Poleshuk*, 115 B.R. 716 (Bankr.M.D.Fla.1990) (*Energy Resources* is inapplicable to a Chapter 7 liquidation).

Assuming, *arguendo, Energy Resources* did apply to a liquidating plan, Debtor has failed to offer any reason this Court should order the IRS to accept the designation. There is no conceivable way Debtor will benefit from such a designation. See, *e.g., In re Energy Resources Co.*, 871 F.2d at 230. In fact, the only beneficiaries of the designation provision would be those persons who are responsible persons within the meaning of Section 6672 of the Internal Revenue Code of 1986 (26 U.S.C.). What is truly at stake here is the personal liability of any responsible person for the unpaid trust fund taxes. Any payment towards the trust fund liability by Debtor reduces the responsible person's personal liability.[5] The Court will not confirm a Chapter 11 liquidating plan which designates that Debtor's payment to the IRS shall first be applied to the trust fund portion of the tax claim.

Accordingly, it is

5. This Court has consistently authorized a *pro rata* application of plan payments between the trust fund and nontrust fund portions of tax claims. The Court has found such *pro rata* application enhances, if not establishes, the impetus for success of the reorganization process. Where the responsible persons are post-petition management, they have an incentive to implement the plan and keep the debtor efficient, thus insuring payment of the entire tax claim, both trust fund and non-trust fund portions. Where trust funds are allocated to be paid first

under the plan, the IRS has just concern that post-petition management only has an incentive until the trust fund portion of the claim is paid. The *pro rata* application of each plan payment eliminates these concerns of the IRS. In this case, any apportionment of the trust fund portion of the claim is not necessary to successful reorganization. The mere fact responsible persons retain control of a corporation until its sale does not present a basis upon which this Court could find such apportionment is necessary to successful reorganization of Debtor.

ORDERED, ADJUDGED AND DE-CREED that the Plan of Reorganization shall be confirmed, but the Objection to Plan of Reorganization is sustained and the allocation of tax payments is denied. It is further

ORDERED, ADJUDGED AND DE-CREED that Debtor's counsel shall provide an Order Confirming Plan of Reorganization in accordance with this Order within 20 days of the entry of this Order.

DONE AND ORDERED.