946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re FRANK MEADOR BUICK, INC., Debtor.
INTERNAL REVENUE SERVICE, Plaintiff-Appellee,
v.
FRANK MEADOR BUICK, INC., Defendant-Appellant.
 No. 89-2954.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Oct. 21, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-88-349-R)
 Argued: David Anthony Furrow, Rocky Mount, Va., for appellant; Howard M. Soloman, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Gary D. Gray, Linda E. Mosakowski, Tax Division, United States Department of Justice, Washington, D.C., John Perry Alderman, United States Attorney, Roanoke, Va., for appellee.
 W.D.Va., 123 B.R. 213.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and WILLIAM M. NICKERSON, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Frank Meador Buick, Inc. (Meador Buick), appeals the district court's determination that the payments made to the Internal Revenue Service (IRS) out of the bankrupt estate of Meador Buick were not voluntary and therefore Meador Buick could not designate to which taxes the payments should be allocated.
 
 
 2
 Meador Buick filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia on April 23, 1980. Meador Buick's proposed plan of reorganization was confirmed on December 18, 1980. At the time the plan was confirmed, Meador Buick owed no withholding taxes. However, in the third and fourth quarters of 1981 and the first quarter of 1982, Meador Buick failed to pay the IRS both the social security taxes withheld from its employees' wages and its unemployment taxes. By agreement dated March 18, 1982, Meador Buick contracted to sell its assets. On March 29, 1982, the IRS filed a motion to convert the Chapter 11 proceedings into a Chapter 7 liquidation. On March 30, Meador Buick filed an adversary proceeding to sell its assets free and clear of liens. In its prayer, Meador Buick asked that the proceeds of the sale be paid to two of its secured creditors "with any remainder being paid to the United States...." In June of 1982, after the bankruptcy court approved the sale, Frank Meador's assets were sold free and clear of liens. The proceeds of the sale were impressed with all liens and placed in an interest-bearing escrow account pending further order of the bankruptcy court. The IRS properly perfected its liens by filing notices of federal tax liens. A total of $36,653.36 was paid, pursuant to court order, to two secured creditors on October 5, 1982. On November 1, 1982, Meador Buick, in response to a court order, proposed distributing the remaining proceeds to pay wage claims of employees and the "secured priority tax claim" of the IRS. On May 23, 1983, the bankruptcy court ordered that the remaining proceeds be distributed to certain claimants and the IRS. On appeal, the district court affirmed the bankruptcy court's distribution order. The IRS appealed the district court's affirmance to this court. On July 18, 1984, while the IRS's appeal was pending before this court, the bankruptcy court, on the motion of Meador Buick, converted the case to a Chapter 7 bankruptcy. Because of the changed status of the bankruptcy, we dismissed the IRS's appeal as moot and vacated all previous orders "to the extent that they determine[d] the priority and status of the [IRS]."
 
 
 3
 On remand, the bankruptcy court gave priority to the IRS's claim and ordered the trustee to pay $39,987.14, the total amount remaining in the bankrupt estate after payment of administrative claims, to the IRS. On May 9, 1988, the bankruptcy court ordered, pursuant to Meador Buick's request, that "the trustee's distribution to the IRS should be considered voluntary payments on behalf of the debtor, and that said payments should be allocated to the trust fund portion of the secured 941 taxes ahead of interest and penalties due." On appeal, the district court reversed the bankruptcy court and held that the payments were not voluntary and therefore could not be designated. Meador Buick appeals from the district court's decision.
 
 
 4
 Employers are required to withhold from their employees' wages money representing employees' personal income taxes and social security taxes. 26 U.S.C. § 3102(a), 3402(a), 7501(a), 26 C.F.R. § 301.7512-1. These taxes are commonly referred to as trust fund taxes. See 26 U.S.C. § 7501(a) (funds are held by employer in trust for the United States.). Other corporate tax liabilities (corporate portion of social security tax, corporate income tax, unemployment tax, etc.) which are not withheld from employee wages are designated non-trust fund taxes.
 
 
 5
 Employers are required to pay the withheld trust funds on a quarterly basis. To ensure that trust fund taxes are paid to the United States, personal liability is imposed on each officer and employee responsible for the collection and payment of trust fund taxes who "willfully fails to collect ... and pay over such tax...." 26 U.S.C. § 6672.* These officers and employees are commonly referred to as "responsible persons." Frank Meador is the responsible person for Meador Buick.
 
 
 6
 The IRS may proceed against either the employer or the responsible persons in the order best suited to collect the unpaid tax. United States v. Pomponio, 635 F.2d 293, 298 (4th Cir.1980). However, it is the IRS's policy to collect only one satisfaction of the unpaid trust fund taxes. Pomponio, 635 F.2d at 298-99. Therefore, if the payments are designated for the trust fund portion of the debt, Frank Meador's potential liability for the unpaid portion of the trust fund taxes will be significantly reduced.
 
 
 7
 It is the policy of the IRS to allow an employer who voluntarily makes tax payments to designate that such payments should be applied first to its trust fund tax liability. United States v. Energy Resources Co., 58 U.S.L.W. 4609 (U.S.1990). Payments classified as being made involuntarily may not be designated. "An involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefor." Amos v. Commissioner, 47 T.C. 65, 69 (1966). The IRS generally applies involuntary payments to the nontrust fund portion of the tax liability and seeks to recover the trust fund portion from the responsible parties. In re Technical Knockout Graphics, Inc., 833 F.2d 797, 799 (9th Cir.1987); cf. Muntwyler v. United States, 703 F.2d 1030, 1032 (7th Cir.1983) (citing IRS Policy Statement P-5-60) ("[w]hen a payment is involuntary, IRS policy is to allocate the payments as it sees fit.")
 
 
 8
 The Supreme Court recently created a narrow exception to the general rule that involuntary payments cannot be designated by the payor. In United States v. Energy Resources Co., the Supreme Court held that
 
 
 9
 a bankruptcy court has the authority to order the Internal Revenue Service (IRS) to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan.
 
 
 10
 58 U.S.L.W. at 4609. The Court made clear that even if the payments were classified as involuntary the bankruptcy court had the authority, in a Chapter 11 context, to designate that the tax payments be applied to trust fund liability.
 
 
 11
 Had the bankruptcy court issued its order while Meador Buick was in Chapter 11, the bankruptcy court's determination that the payments to the IRS should be allocated to the trust fund payments might have been valid if the bankruptcy court had found that such designation was necessary for the success of the reorganization. See Energy Resources, 58 U.S.L.W. 4609. However, at the time of the bankruptcy court's designation order, Meador Buick was no longer operating under Chapter 11. Therefore, no determination could have been made that the designation of the payments was necessary for the success of the reorganization plan because Meador Buick was liquidated pursuant to Chapter 7.
 
 
 12
 It is the general rule that payments to the IRS on behalf of a debtor which is in Chapter 7 bankruptcy are not voluntary payments, and we decline to depart from that rule.
 
 
 13
 Because the payments due to the IRS were not voluntary payments and could not have been made under the Energy Resources exception discussed above, the district court was correct in its opinion.
 
 
 14
 The judgment of the district court is accordingly AFFIRMED.
 
 
 
 *
 Because the accrued interest and penalties on a tax liability are considered non-trust fund taxes, even if they arose from the failure to pay trust fund taxes, a responsible person is not personally liable for the interest and penalties charged on a corporation's trust fund liability. However, once § 6672 liability is assessed against the responsible person and notice is given, interest on that personal liability can accrue for his failure to pay. See § 6601(e)(2)(A); Turchon v. United States, 77 B.R. 398, 401 (E.D.N.Y.1987), aff'd by unpublished opinion, 841 F.2d 1116 (2d Cir.1988)