**In re R.L. HIMES & ASSOCIATES, INC., Debtors.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,**

**v.**

**R.L. HIMES & ASSOCIATES, INC., Appellee.**

No. C–2–91–958.
Bankruptcy No. 2–90–04462.

United States District Court, S.D. Ohio, E.D.

Feb. 8, 1993.

Brenda L. Dodrill, Columbus, OH, for U.S., I.R.S., appellant.

Robert David Bergman, Clara Jeanne Hudak, Friend & Hudak Co., L.P.A., Columbus, OH, for R.L. Himes & Associates, Inc., debtor.

Frank M. Pees, Worthington, OH, for Frank M. Pees, trustee.

Charles M. Caldwell, trustee.

## MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

This matter is before the Court on appellant's claim that the bankruptcy court below erred in overruling appellant's objection to the confirmation of appellee's Chapter 11 plan of reorganization. It claims that the plan improperly designates payments to the Internal Revenue Service (IRS) to first satisfy delinquent taxes in appellee's trust fund accounts.

### I. BACKGROUND

On July 2, 1990, appellee, the debtor, filed for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101–1174 (the "Code"). The debtor is an Ohio corporation and owns and operates Himes Vending, Central Juice and Buckeye Gifts. Robert L. Himes is the sole shareholder of the debtor corporation.

The debtor filed a plan of reorganization (the "Plan") on February 27, 1991. This Plan provides that any payments made to the IRS according to the Plan shall be applied first to trust fund delinquencies.[1] The IRS objected to the Plan and asked the court below to prohibit the designation of

---

**1.** Trust fund taxes are those personal income and social security taxes which employers are required to withhold from employees' paychecks. 26 U.S.C. §§ 3102(a), 3402(a). After being withheld, the taxes are to be held "in trust" for the United States. 26 U.S.C. § 7501(a). If the employer fails to pay such taxes, the IRS has the right to collect an equal amount from the corporate officer responsible for the nonpayment. 26 U.S.C. § 6672. *See, e.g., United States v. Energy Resources Co., Inc.,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990); *United States v. A & B Heating & Air Conditioning, Inc. (In re A & B Heating & Air Conditioning, Inc.),* 823 F.2d 462 (11th Cir.1987), *vacated on other grounds,* 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988).

tax payments to trust fund delinquencies since such designation would hinder the government's ability to collect the total amount of unpaid taxes should the Plan fail.

The debtor responded, arguing that the designation provided in the Plan was necessary for the success of the reorganization since, if corporate officers remain liable for the payment of trust fund taxes, the incentive for them to pursue a successful reorganization is greatly diminished.

The Bankruptcy Court for the Southern District of Ohio, Eastern Division, issued an order on September 4, 1991 denying appellant's argument. It based its decision on *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), which held that "a bankruptcy court may order the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success." *Energy Resources*, 495 U.S. at 551, 110 S.Ct. at 2143. The bankruptcy court below, based on the debtor's representations, found that the designation in the Plan was essential to appellee's ability to reorganize and denied the IRS's objection.

At the September 16, 1991 confirmation hearing, the record reveals that counsel for appellant reintroduced their arguments in a motion to stay the proceeding pending reconsideration and/or appeal. The court again heard arguments on both sides of the issue. Recognizing that the September 4, 1991 order was not detailed, the Court explained that the "necessary for a successful reorganization" issue was a clear and simple question of fact and elaborated on the court's determination that designation of payments to the IRS was necessary to the successful reorganization of the debtor corporation. (R. at 5–10.) Accordingly appellant's motion was denied.

## II. *STANDARD OF REVIEW*

The parties are in dispute as to what standard of review applies to this appeal. Appellee argues that the decision of the bankruptcy court to allow allocation of payments to be first applied to trust fund delinquencies is based on a finding of fact that such allocation is necessary for reorganization. Thus, appellee asserts, the bankruptcy court's findings may not be reversed unless found to be clearly erroneous.[2] Bankr.R. 8013; *In re Arnold*, 908 F.2d 52 (6th Cir.1990).

Appellant argues that it is a question of law whether designation of payments first to trust fund delinquencies is necessary for a successful reorganization. Therefore, it asserts that this Court is not bound by the clearly erroneous standard on review, rather it may make an independent examination. *Leitch v. Lievense Ins. Agency (In re Kent Holland Die Casting & Plating, Inc.)*, 126 B.R. 733 (W.D.Mich., 1990), *aff'd*, 928 F.2d 1448 (6th Cir.1991).

This Court is inclined to agree with appellee that the determination at issue here is a finding of fact. In its order and on the record the bankruptcy court correctly and fully stated the law as being that articulated in *Energy Resources*. Thus, it was left with a factual determination as to whether the designation of payments to trust fund delinquencies was necessary to reorganization.[3] That factual determination should not be discarded unless clearly erroneous.

## III. *THE FINDING OF FACT IS NOT CLEARLY ERRONEOUS*

The determination approved by the Supreme Court in *Energy Resources* and made by the bankruptcy court was set

---

**2.** A finding of fact is clearly erroneous when the "reviewing Court on the entire evidence is left with the definite and firm conclusion that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), *reh'g denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948).

**3.** In fact, the bankruptcy court itself characterized its determination as a finding of fact. (R. at 9–10.) It should be noted, however, that an appellate court must regard a finding for what it is and the label applied by the lower court is not controlling. *Utzinger v. United States*. 432 F.2d 485, 489 (6th Cir.1970). Nevertheless, this Court is still inclined to believe the finding is one of fact.

forth in the order of September 4, 1991. Specifically, the bankruptcy court stated:

> Based on the debtor's representations that the designation of tax liabilities to trust fund accounts is essential to the debtor's ability to reorganize, the Court is persuaded that the debtor should be permitted to remit payment to the IRS as set forth in the Plan.

(Opin. and Order Deny. Int. Rev. Serv's. Obj. to Confirm. at 4.) Given the conclusory nature of such language an argument could be made that the court below failed to make intermediate findings in support of this ultimate factual finding.

▆▆▆ Given the nature and circumstances of this case, the ultimate factual finding depended solely on the bankruptcy court's belief or disbelief that Mr. Himes would have an incentive not to continue with the plan of reorganization and would convert the case to a Chapter 7 liquidation case if payments to the IRS were not applied first to trust fund accounts and he was to remain liable for the delinquencies in those accounts.[4] Elaborate intermediate findings were unnecessary; the issue was one of credibility and persuasiveness of the parties' arguments. The court was justified in finding that such an incentive existed and was serious enough to render the designation of payments first to trust fund liabilities necessary to the reorganization. The bankruptcy court is in the best position to make such determination given its intimacy with the case and its ability to judge the credibility of witnesses.

The Ninth Circuit in *GLK, Inc. v. United States (In re GLK, Inc.*, 921 F.2d 967 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2797, 115 L.Ed.2d 971 (1991), also deferred to the bankruptcy court's findings on this precise issue. Although, in that case, the lower court found "that such an allocation was not necessary to the success of the plan," the substance of the finding is not at issue here. Rather, it is the manner in which the Ninth Circuit *In re GLK, Inc.* accepted that finding as binding unless

clearly erroneous. This Court is inclined to do the same.

Furthermore, as stated above, the judge below addressed the same finding of fact during the September 16, 1991 hearing and elaborated on his reasoning by noting the merits of appellee's argument. Such elaboration provided further support for the bankruptcy court's findings in the September 4, 1992 order. *See Kelley v. Everglades District,* 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1942) (court stated that "there must be findings stated either in the court's opinion or separately," which are sufficient to indicate a basis for the ultimate conclusion.)

▆▆▆ Appellant claims that the bankruptcy court must set forth specific findings as to how allocation will aid in the plan's success and in support cites *In re GLK, Inc.*, 921 F.2d 967 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2797, 115 L.Ed.2d 971 (1991), and *In re North Star Graphics Group, Inc.*, 1990 Bankr.LEXIS 2520 (Bankr.S.D.Ind. Nov. 9, 1990). Appellant misreads those cases. *In re GLK, Inc.* merely restates the Supreme Court's rule in *Energy Resources* that a "Bankruptcy Court may order the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success." *In re GLK, Inc.*, 921 F.2d at 968 (*citing Energy Resources,* 495 U.S. at 551, 110 S.Ct. at 2143). This language, especially the word "concludes," does not mandate that the bankruptcy court must set forth "specific findings" as to how designation will aid in a reorganization's success. The court must just *conclude* that it is necessary for a reorganization's success. A bankruptcy court may, in fact, make specific findings, but there is no mandate that they be set forth in an opinion and order. *In re North Star Graphics* is another example of a bankruptcy court determining whether designation of tax payments is necessary for the success of the reorgani-

---

**4.** Mr. Himes is the individual primarily responsible for a successful reorganization and most likely subject to personal liability for nonpayment of the trust fund taxes under 26 U.S.C. § 6672.

zation. It does not mandate that the court set forth any "specific findings."

It should also be noted that in *Rockland Trust Co. v. New England Construction Management Group (In re New England Construction Management Group)*, 1991 WL 496130, 1991 U.S.Dist.LEXIS 17474 (Dist.Mass. Nov. 22, 1991), the Court remanded the case to the bankruptcy court to determine whether an evidentiary hearing is required when a bankruptcy court is trying to determine whether designation of payments first to trust fund liabilities is necessary to the success of a reorganization. In the case at hand the bankruptcy judge did conduct a hearing on the record, albeit not a scheduled hearing, on the issue as he reconsidered the IRS's objection to designation of Plan payments.

Given the record before the Court, it cannot be said that the bankruptcy court's factual finding that designation of payments to the IRS first to trust fund accounts is necessary for reorganization is clearly erroneous.

## IV. *DE NOVO REVIEW*

Although it is this Court's opinion that the clearly erroneous standard above is the correct one for this appeal, a *de novo* review would lead to the same result. The law applicable to this case is succinctly stated by the Supreme Court in *Energy Resources*. The bankruptcy court has the authority to order "the IRS to apply tax payments to offset trust fund obligations where it concludes that this action is necessary for a reorganization's success." *Energy Resources*, 495 U.S. at 551, 110 S.Ct. at 2143. The Supreme Court gave no guidelines to follow in determining what is "necessary for a reorganization's success." In fact it did not rest its decision in *Energy Resources* on any specific set of circum-

stances that would meet the "necessary for reorganization's success" test.

However, other courts have addressed the issue. In fact, the Eleventh Circuit in *United States v. A & B Heating & Air Conditioning (In the Matter of A & B Heating and Air Conditioning)*, 823 F.2d 462 (11th Cir.1987), *vacated on other grounds*, 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988), faced a similar set of facts.[5] In that case the debtor's proposed plan provided for payment of federal tax liability with the first payments being allocated towards trust fund tax delinquencies. By paying off the trust fund taxes, the corporate president and sole shareholder would be relieved of personal liability. The government objected to the plan and argued that the debtor had no right to allocate its tax payments.

The *A & B Heating* court first explored the involuntary/voluntary tax payments dichotomy to determine whether designation by the taxpayer was permissible. Such analysis has been rendered unnecessary since the *Energy Resources* opinion, however, the remainder of the *A & B Heating* opinion remains useful. For example, the Eleventh Circuit points to the conflicting policies behind the Bankruptcy Code's preference for reorganization rather than liquidation and the Internal Revenue Code's policy of full tax collection. In dealing with this conflict the court noted that

in numerous Chapter 11 reorganizations, the failure to allow the debtor to allocate tax payments is detrimental to the reorganization plan:

if corporate officers are pressured to pay the taxes out of their own pockets, the incentive to continue successful reorganization is reduced, and it becomes more likely that the responsible officers will convert to Chapter 7 liquidation. Under Chapter 7, as in Chap-

---

5. *A & B Heating*, 823 F.2d 462 (11th Cir.1987), was appealed to the United States Supreme Court. Certiorari was granted, but before the case was heard circumstances occurred that may have made the entire dispute moot. The Supreme Court vacated the Eleventh Circuit's judgment and remanded the case on the question of mootness. *United States v. A & B Heating & Air Conditioning, Inc.*, 486 U.S. 1002, 108

S.Ct. 1724, 100 L.Ed.2d 189 (1987). The court of appeals then found that the case as it stood was not moot and, absent further changes in the position of the parties, reinstated its opinion and judgment as found in 823 F.2d 462 (11th Cir.1987). *United States v. A & B Heating & Air Conditioning, Inc.*, 861 F.2d 1538 (11th Cir. 1988).

ter 11, taxes have priority; the government will be paid in full whether sufficient funds remain for other unsecured creditors or not. The responsible officers are guaranteed that no tax penalty will be assessed against them personally.

*A & B Heating,* 823 F.2d at 465 (*citing* Deborah A. Dyson, *Bankruptcy Court Jurisdiction and the Power to Enjoin the IRS,* 70 Minn.L.Rev. 1279, 1299–1300 (1986)). To resolve the conflict the court noted that the designation question in a Chapter 11 reorganization case should be "left to judicial discretion on a case by case basis" and that "the Bankruptcy Court should 'consider the equitable reasons warranting such allocations.'" *A & B Heating,* 823 F.2d at 465 (*citing In re B & P Enterprises, Inc.,* 67 B.R. 179, 183–84 (Bankr.W.D.Tenn.1986)). More specifically, the bankruptcy court should inquire whether

> upon consideration of the reorganization plan as a whole, in so far as the particular structure or allocation of payments increases the risk that the IRS may not collect the total tax debt, is that risk nonetheless justified by an offsetting increased likelihood of rehabilitation, *i.e.,* increased likelihood of payment to creditors who might otherwise lose their money?

*In re Energy Resources Co., Inc.,* 871 F.2d 223, 234 (1st Cir.1989), *aff'd,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990).

 This Court balances the risks with the help of the Supreme Court's *Energy Resources* opinion. In that opinion the Court noted that if the government can apply a debtor corporation's tax payments to non-trust fund liability, it has a better chance of being paid the total tax liability.[6] "While this result might be desirable from the Government's standpoint, it is an added protection not specified in the Code itself: Whereas the Code gives it the right to be assured that its taxes will be paid in six years, the Government wants an assurance that its taxes will be paid even if the reorganization fails...." *Energy Resources,* 495 U.S. at 550, 110 S.Ct. at 2142. This reasoning indicates that the IRS is not entitled to collect nonguaranteed taxes before the guaranteed debt. Thus, we are weighing the IRS's desire for greater assurance of full payment against the real possibility that the debtor's reorganization plan would fail, resulting in a Chapter 7 liquidation to the detriment of all creditors.[7] Thus, on *de novo* review, this Court finds that, in this case, the designation of payments to the IRS under the Chapter 11 plan is necessary for the success of the reorganization, and, that the interest of the IRS in obtaining assurance of full payment is outweighed by such necessity.

## V. CONCLUSION

The bankruptcy court's finding that designation of payments to the IRS as contemplated under the debtor's plan is necessary to the success of the reorganization is not clearly erroneous. Even on *de novo* review, this Court would find the designation of payments to be necessary for the reorganization's success. Therefore, it is hereby ordered that the ruling of the bankruptcy court be **AFFIRMED.**

**IT IS SO ORDERED.**

---

**6.** If payments are first allocated to nontrust fund taxes, the debt that is not guaranteed will be paid off before the guaranteed debt. Thus, should the plan fail, the IRS would have received payments for nontrust fund taxes and would be able to collect trust fund taxes from corporate officials under 26 U.S.C. § 6672.

**7.** The Court feels that under the circumstances of this case, specifically that Mr. Himes is both the party personally responsible for trust fund taxes *and* a successful reorganization, there is a real possibility that Mr. Himes, perhaps with little provocation, has a strong incentive to con- vert this case to a liquidation. In other cases where the reorganization's success is dependent on several parties, only a few of which are responsible for the nonpayment of trust fund taxes, the result could be different. The Eleventh Circuit, by virtue of its example cited earlier, also believes that in situations where corporate officials responsible for a reorganization's success are also subject to personal tax liability there is a real possibility that a Chapter 7 conversion would result. *See A & B Heating,* 823 F.2d at 465.