**In re OYSTER BAR OF PENSACOLA, INC., Oyster Bar of Perdido Key, Inc., Gordon B. Linkenhoker and Charlotte Linkenhoker, Debtors.**

**Bankruptcy Nos. 93–04787, 93–04788 and 93–04989.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

July 10, 1996.

568

Marika Lancaster, Asst. U.S. Atty., Washington, DC, for IRS.

John E. Venn, Jr., Pensacola, FL, for debtors.

Charles Glidewell, Asst. U.S. Trustee, Tallahassee, FL.

### MEMORANDUM OPINION ON CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on confirmation of the Debtors' Chapter 11 Plan of Reorganization in these procedurally but not substantively consolidated cases. The Internal Revenue Service ("IRS") has objected to provisions in the corporate debtors' plan directing that payments to the IRS be applied first to trust fund taxes for which Gordon Linkenhoker ("Linkenhoker") is liable as a "responsible" person.[1] For the reasons set forth herein, the objection of the IRS is sustained.

The debtor corporations are owned and operated by Linkenhoker. The claims of the IRS against the debtors include employment taxes withheld from employees' pay but not remitted to the government ("trust fund taxes").[2] At the confirmation hearing, Linkenhoker testified regarding the financial condition of the corporate debtors and the feasibility of the plan. However, he presented no testimony regarding the necessity of applying tax payments first to trust fund taxes to the successful reorganization of the corporate debtors. Instead, debtors' counsel argued that I could find the allocation necessary to the corporate reorganizations simply because such allocation would relieve the principal, whose expertise in the operation of the corporations is necessary, from his responsibility for those taxes. The debtors argue that such designation will give Linkenhoker incentive to assist in each corporation's reorganization.

The United States Supreme Court in *United States v. Energy Resources Co., Inc.,* 495 U.S. 545, 551, 110 S.Ct. 2139, 2143, 109 L.Ed.2d 580 (1990), established that a bankruptcy court "may order the IRS to apply tax payments to offset trust fund obligations where it concludes that [such an] action is necessary for a reorganization's success." While the Bankruptcy Code ("the Code") did not expressly authorize bankruptcy courts to approve reorganization plans designating the application of tax payments, the Code did grant the courts residual authority, under 11 U.S.C. § 1123(b)(5) (now (b)(6)), to approve a reorganization plan which includes "any ... appropriate provision not inconsistent with the applicable provisions of this title." *Energy Resources Co., Inc.,* 495 U.S. at 549, 110 S.Ct. at 2142. Further, pursuant to § 105 of the Code, bankruptcy courts are authorized

---

**1.** Any reference herein to "responsible" individuals or parties incorporates that term as it is used in the Internal Revenue Code, 26 U.S.C. § 6672. *See* discussion *infra*, note 2.

**2.** The Internal Revenue Code requires employers to withhold from their employees' paychecks money representing the employees' personal income taxes, unemployment insurance and social security taxes that those employees owe or will owe the government. 26 U.S.C. §§ 3102(a), 3402(a). Once withheld, pursuant to 26 U.S.C. § 7501(a), the taxes are to be held "in trust" for

the United States, hence the name "trust fund" taxes. *Slodov v. United States,* 436 U.S. 238, 242–43, 98 S.Ct. 1778, 1782–83, 56 L.Ed.2d 251 (1978). Should employers fail to pay the trust fund taxes, the government can collect an equivalent sum directly from the officers or employees of the employer responsible for their collection and payment. 26 U.S.C. § 6672. These individuals are commonly referred to as the "responsible" individuals. *In re Greenberg,* 105 B.R. 691, 692–93 (Bankr.M.D.Fla.1989) (quoting *Slodov,* 436 U.S. at 242–43, 98 S.Ct. at 1782–83).

to issue any "order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. *Id.* The Supreme Court found those statutory directives consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify debtor-creditor relationships. *Id.* However, the Supreme Court did not provide any guidelines for courts to follow in determining whether a tax allocation is "necessary for a reorganization's success." *United States v. R.L. Himes & Assoc., Inc. (In re R.L. Himes & Assoc., Inc.),* 152 B.R. 198, 202 (S.D.Ohio 1993). In fact, the court did not even require that a bankruptcy court make any specific findings, just that it *conclude* the allocation is necessary. *Id.* at 201.

In order to establish whether the designation is necessary to a debtor's reorganization, I should consider the equitable reasons warranting such allocations. *Id.* at 203 (citing *United States v. A & B Heating & Air Conditioning, Inc.,* 823 F.2d 462; 465 (11th Cir.1987), *vacated on other grounds,* 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988)). As part of that analysis, I must consider whether the designation as to the allocation of the tax payments puts in jeopardy the government's tax claim and increases the risk the government will not be able to collect the total tax due (since the guaranteed trust fund taxes for which "responsible" persons are also liable would be paid before the non-guaranteed non-trust fund taxes); and whether such risk is acceptable by an offsetting likelihood that the allocation would increase the possibility for successful reorganization. *In re Greenberg,* 105 B.R. at 696. In essence, I must balance the interests of the IRS in collecting its debt against the interests of promoting the debtors' successful reorganization.

In a situation similar to the instant case, the court in *In re R.L. Himes & Assoc., Inc.* determined that the question of whether a designation is necessary for a reorganization is a question of fact for the court, reviewable on a clearly erroneous basis, and not a question of law as argued by the IRS. *In re R.L. Himes & Assoc., Inc.,* 152 B.R. at 200. In that case, the debtor's principal testified that

the designation provided in the plan was necessary for a successful reorganization and that if the corporate officers remained liable for the payment of trust fund taxes, the incentive for them to pursue a successful reorganization would be greatly diminished. *Id.* The district court affirmed the bankruptcy court decision permitting the allocation, finding its reliance on the debtor's representations was not clearly erroneous. *Id.* at 200, 201.

In a second case factually similar to both the case at bar and *In re R.L. Himes & Assoc., Inc.,* the opposite result was reached. *See U.S. v. Vokes Equipment, Inc. (In re Vokes Equipment, Inc.),* No. 90–2872–CIV, 1993 WL 246155, at *3 (S.D.Fla.1993). There, the district court, also analyzing the necessity issue as a finding of fact subject to a clearly erroneous standard of review, found that the self-serving, unsupported and largely conclusory testimony of the debtor corporation's president that the corporation's reorganization would benefit from the designation, did not meet the evidentiary requirement for a finding of necessity. *Id.*

Regardless of whether or not mere conclusory statements as to the necessity of the designation constitute sufficient evidence to support such a designation, *In re R.L. Himes & Assoc., Inc.* and *In re Vokes Equipment, Inc.* both require a factual finding to be made by the court. *In re R.L. Himes & Assoc., Inc.,* 152 B.R. at 200; *In re Vokes Equipment, Inc.,* 1993 WL 246155, at *1, 3. In this case, unlike in *In re R.L. Himes & Assoc., Inc.* and *In re Vokes Equipment, Inc.,* **no** evidence was presented that the designation in the debtors' plan allocating tax payments first to trust fund taxes is *necessary* to the corporate debtors' reorganization. Instead, the only argument presented by the debtor corporations, through counsel, is that in shielding Linkenhoker from the trust fund liability, Linkenhoker would have more incentive to use his restaurant experience to assist in each corporation's reorganization.

As stated previously, while the court may not be required to make specific findings as to how a designation will aid in a reorganization's success, it must be able to conclude that such a designation will be necessary. *In*

re *R.L. Himes & Assoc., Inc.*, 152 B.R. at 201. On the basis of the factual record in the instant case, I can make no such conclusion.

It is not enough in and of itself simply to argue that the designation is necessary because it will free a "responsible" party from trust fund liability thus presumably giving that party an incentive to assist with the corporation's recovery. In fact, it is just as plausible an argument that without a plan provision directing that trust fund taxes be paid first, the corporate officers have as much or more incentive to assist in the corporation's reorganization. As stated by the court in *Matter of Visiting Nurse Ass'n of Tampa Bay, Inc.*, 128 B.R. 835, 837 n. 5 (Bankr.M.D.Fla.1991), where the "responsible" persons are post-petition management, "they have an incentive to implement the plan and keep the debtor efficient, thus insuring payment of the entire tax claim, both trust fund and non-trust fund portions." Further, where a plan directs that trust fund taxes are to be paid first, the IRS has a legitimate concern that post-petition management only has an incentive until the trust fund portion of the claim is satisfied. *Matter of Visiting Nurse Ass'n of Tampa Bay, Inc.*, 128 B.R. at 837 n. 5.; *see also In re Vokes Equipment, Inc.*, 1993 WL 246155, at *3 (reversing the bankruptcy court's decision overruling the objection of the IRS when allocation of the initial plan payments would serve only to relieve the debtor corporation's principal of his joint liability earlier than IRS policy would allow).

While this Court has the authority by virtue of the Code and relevant case law to approve a reorganization plan which directs that tax payments be applied first to trust funds taxes provided such designation is necessary to the debtors' reorganization, the record before me does not support such a designation. I decline to adopt a per se rule automatically allowing such a designation in order to provide an incentive for a "responsible" individual of a debtor corporation to assist in the corporation's reorganization, which would run counter to the IRS' statutory duty to maximize collection of taxes and authority to designate involuntary tax payments as it chooses.

The objection of the IRS is hereby sustained. The debtors will amend their plan accordingly.

A separate order shall be entered in accordance herewith.