## In re CLASSIC CHEMICAL AND SUPPLY CO., INC., Debtor.

### Bankruptcy No. 96–11444DAS.

United States Bankruptcy Court, E.D. Pennsylvania.

July 17, 1996.

John Francis Murphy, Doylestown, PA, for Debtor.

Thomas M. Rath, Philadelphia, PA, for the IRS.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA.

*OPINION*

DAVID A. SCHOLL, Chief Judge.

*A. INTRODUCTION*

The sole, narrow issue presented in determining whether this court should confirm the Plan of Reorganization ("the Plan") of CLASSIC CHEMICAL AND SUPPLY COMPANY, INC. ("the Debtor") is whether the Debtor has met the burden of establishing that its designation to apply the payments of the Debtor on its liabilities to the Internal Revenue Service ("the IRS") first to trust fund liabilities which the Debtor shares with its principal, David Bruce Moss, "is necessary to the success of [the] reorganization plan," pursuant to the holding of *United States v. Energy Resources Co.*, 495 U.S. 545, 549, 110 S.Ct. 2139, 2141, 109 L.Ed.2d 580 (1990). Since the Third Circuit Court of Appeals ("the Appeals Court") has indicated, in its post-*Energy Resources* holding in *United States v. Pepperman,* 976 F.2d 123 (3d Cir.1992), that bankruptcy courts in this Circuit must interpret *Energy Resources* narrowly, we conclude that the Debtor's meager showing fails to satisfy the Debtor's burden to allow such a designation. Therefore, confirmation of the Plan is denied, although the Debtor is given permission to file an amended plan excising the offending designation.

*B. PROCEDURAL AND FACTUAL HISTORY*

The Debtor filed its voluntary Chapter 11 bankruptcy case on February 22, 1996. Counsel proceeded expeditiously, filing the Plan and the accompanying Disclosure Statement ("the D/S"), on April 12, 1996. The D/S was promptly approved, and the Plan came on for a confirmation hearing on June 26, 1996. The only votes on the acceptability of the Plan were cast by twelve (12) creditors in the "general, unsecured claims" class, which class was to be paid fifty (50%) percent of its claims over five years. All but two small voting creditors accepted the Plan. The only impediment to confirmation was a series of Objections thereto by the IRS.

After negotiation at the confirmation hearing, counsel for the Debtor and the IRS reported that all of their differences could be resolved by agreed amendments and clarifications to the Plan except for the following designation of payments to the IRS:

All payments made after Confirmation to pre-petition tax obligations shall be applied first to trust fund liability for all tax periods, then to interest for all periods, then to penalties for all periods.

The IRS was well aware of the *Energy Resources* holding that a bankruptcy court could allow such a designation if it were "necessary to the success of a reorganization plan," but it chose to put the Debtor to its proof for meeting the requirements for such a designation.

Moss was the only witness at the confirmation hearing. He testified that the Debtor has three employees: himself, as unpaid President and owner; his wife, compensated as the bookkeeper; and an unrelated repairman who was paid a salary. Moss indicated that he is responsible for doing everything for the Debtor except making repairs and bookkeeping, and that his primary duty is sales. His brief direct testimony regarding the designation of payments to the IRS is short enough to quote in full:

Q. [by the Debtor's counsel]. Are you familiar with the terms of the plan as to the application of the trust fund portion first that's paid out to the IRS?

A. [of Moss]. Yes, I am.

Q. What is your understanding of what that is?

A. My understanding is that by having it settled that way, it will definitely give me a lot of motivation to comply and to make it work.

Q. What is your understanding of the application of the trust fund taxes?

A. Those trust fund taxes will be paid first.

THE COURT: Under your plan, right?

[MOSS]: Under the plan, yes, your Honor.

BY [Counsel]

Q. And what is your incentive or rationale in operating under the confirmed plan, if it is approved, as it stands currently?

A. It would definitely be beneficial to me to really try to make the business success-

ful and make it work. It's a great motivator. And I don't want a sale, I want to turn it around and make it work.

The parties were accorded an opportunity to submit materials in support of their respective positions as to the confirmability of the Plan, including the disputed designation, by July 5, 1996. The Debtor timely submitted an intelligible brief. The IRS belatedly submitted, to our chambers, three citations, *Energy Resources, supra; Pepperman, supra;* and *In re Looking Glass, Ltd.,* 113 B.R. 463 (Bankr.N.D.Ill.1990), a pre-*Energy Resources* decision which for that reason was not helpful to the court.

## C. DISCUSSION

The Court's brief *Energy Resources* decision resolved a conflict in the Circuits, rejecting the decision of the Appeals Court in *In re Ribs–R–Us, Inc.,* 828 F.2d 199 (3d Cir.1987), that a bankruptcy court lacked the authority to designate involuntary payments to trust fund, as opposed to non-trust fund, tax liabilities. In so doing, the Court rebuffed the policy of the IRS to allocate corporate tax payments to non-trust fund liabilities first, thereby keeping alive its prospect of alternatively pursuing responsible parties for trust fund taxes under 26 U.S.C. § 6672 until all of the corporation's tax liabilities were exhausted. Unfortunately, the Court's opinion gives no guidance as to when a bankruptcy court should exercise its authority to designate payments.

Some guidance can probably be derived, however, from the decision contrary to *Ribs–R–Us* that it affirmed, *In re Energy Resources Co.,* 871 F.2d 223 (1st Cir.1989). In that decision, per now-Justice Breyer, *id.* at 234, the court states that

the bankruptcy court should make the following inquiry: upon consideration of the reorganization plan as a whole, in so far as the particular structure or allocation of payments increases the risk that the IRS may not collect the total tax debt, is that risk nonetheless justified by an offsetting increased likelihood of rehabilitation, *i.e.,* increased likelihood of payment to creditors who might otherwise lose their money? And, the standard for judging the

lawfulness of any such bankruptcy court action should be similar to that applied to other bankruptcy court tax-related actions. *See, e.g., Darman v. Metropolitan Alarm Corp.,* 528 F.2d 908 (1st Cir.1976) (findings of fact by bankruptcy judge entitled to stand unless "clearly erroneous"). In applying this test, of course, the bankruptcy court must recognize the obvious importance of satisfying tax liabilities, . . .

Subsequent case law formulating and applying standards for determining whether the criteria for allowance of a designation of tax payments have been met is surprisingly sparse. The only issue which has received any significant attention is whether a bankruptcy court can make a designation of first application to trust fund taxes in a case brought under a chapter other than Chapter 11.

The Debtor, in its brief, quotes *In re Gregory Engine & Machine Services, Inc.,* 135 B.R. 807, 809 (Bankr.E.D.Tex.1992), for that court's following articulate analysis of the rationale of *Energy Resources:*

Although not stated by the Supreme Court, this Court is of the opinion that allowing a reorganizing Chapter 11 plan to designate that plan payments made to the IRS be applied first to the trust fund portion of a debtor's tax liability is necessary to the effective reorganization of a Chapter 11 debtor in that such a designation correspondingly reduces the responsible person liability of debtor's officers and managers. Given this result, these officers and managers have every incentive to assist in debtor's reorganization.

The Debtor, however, fails to reference the following conclusion of the *Gregory* court, *id.* at 810:

It is clear that all of the lower courts that have considered the *Energy Resources* holding have felt constrained to read the holding very narrowly and apply it only where the designation is essential to the effective reorganization of the debtor from whose estate the payment is to be made. This Court interprets the *Energy Resources* holding as a recognition by the Supreme Court that a bankruptcy court's

equitable powers to restructure debt should not be unduly restricted where the effective reorganization of a debtor is involved. This Court is convinced that that holding cannot be expanded to take into consideration reorganization needs in other cases and other contexts. That type of expansion would unfairly encroach on the authority of the Internal Revenue Service to apply payments in accordance with its rules and procedures in the discharge of its statutory duty to administer the tax laws of the nation.

The Debtor accurately notes that the court in *In re Deer Park, Inc.,* 10 F.3d 1478, 1481–84 (9th Cir.1993), with one judge dissenting, cites *Gregory* in allowing a designation in a liquidating Chapter 11 case.

Some courts have agreed with the conclusion of *Deer Park* and held that a designation might be possible in a liquidating Chapter 11 case, and even in a Chapter 7 case. *See In re R.L. Himes & Associates, Inc.,* 152 B.R. 198, 200–02 (S.D.Ohio 1993) (Chapter 7 case); and *In re Schilling,* 177 B.R. 862, 864–65 (Bankr.N.D.Ohio 1995) (finds that a designation is possible in a Chapter 7 case, but it refuses to allow it in that case because it would create substantial risks for the IRS). However, *Pepperman,* which is controlling upon us, is among the cases, like *Gregory,* holding to the contrary. 976 F.2d at 128–31. The Appeals Court states therein that

> [t]he vast majority of courts that have addressed the issue of the scope of the *Energy Resources* decision have declined to extend its application beyond the Chapter 11 reorganization context. *See In re Kare Kemical, Inc.,* 935 F.2d 243, 244 (11th Cir.1991) (Chapter 11 liquidation); [*In re*] *Jehan–Das,* 925 F.2d [237,] at 238 [ (8th Cir.), *cert. denied,* [502 U.S. 810] 112 S.Ct. 55 [116 L.Ed.2d 32] (1991) ] (same); *In re Equipment Fabricators,* 127 B.R. 854, 858 (D.Ariz.1991) (same); *In re Visiting Nurse Ass'n [of Tampa Bay, Inc.],* 128 B.R. 835, 837 (Bankr.M.D.Fla.1991) (same); [*In re*] *Frank Meador Buick, [Inc.,]* [946 F.2d 885] 1991 WL 209824, at *3, 1991 U.S.App. LEXIS 24802, at *8 [ (4th Cir. Oct. 21, 1991) (memorandum opinion) ] (Chapter 7 liquidation); ...
> *Gregory* ... (same); [*In re*] *Optics of Kansas, [Inc.,]* 132 B.R. [446,] at 449 [ (Bankr.D.Kan.1991) ] (same); [*In re*] *Brooks,* 129 B.R. [484,] at 486–87 [ (Bankr.N.D.Ohio 1991) ] (same); [*In re F.A.*] *Dellastatious,* 121 B.R. [487,] at 493 & n. 3 [ (Bankr.E.D.Va.1990) ] (same); *In re Arie Enters.,* 116 B.R. 641, 643 (Bankr. S.D.Ill.1990) (same); *cf. In re T.M. Prods. Co.,* No. 90–6734, 1992 WL 531676, 1992 U.S.Dist. LEXIS 9404, at *7 (S.D.Fla. June 4, 1992) ("payments made after reorganization attempts ceased should not be subject to the Debtor's choice of designation")....

*Accord, In re Suburban Motor Freight, Inc.,* 161 B.R. 640, 643–44 (S.D.Ohio 1993). *Pepperman* follows this perceived "vast majority."

We also note the presence of cases indicating that a designation is permissible in a Chapter 13 plan. *In re Klaska,* 152 B.R. 248, 251 (Bankr.C.D.Ill.1993); and *Brooks, supra,* 129 B.R. at 486–87. However, a Chapter 13 plan is a plan of reorganization. And the *Brooks* court declines a designation in that case, failing to find a "compelling bankruptcy need" to do so. *Id.*

■ We are obliged to interpret *Energy Resources* in light of *Pepperman. Pepperman* holds that the operative language of *Energy Resources, e.g.,* "necessary to the success of a reorganization plan" must be read restrictively in that it must be applied only to "reorganizations." The clear implication of this holding, relevant to the instant dispute, is that the designation must be proven "necessary" as well. The language of the Court of Appeals in *Energy Resources,* and of *Gregory,* quoted *supra,* strongly support this conclusion as well.

The instant Plan is clearly a plan contemplating a reorganization. However, it is also clear, from the language quoted above that, even in a Chapter 11 reorganization, where a designation is permissible, a bankruptcy court must make a finding that the designation is "necessary," on the basis of a record presented to it, to allow its presence in a Chapter 11 reorganization. Thus, even in cases willing to extend *Energy Resources* beyond the contours of Chapter 11, a designation has been denied on the basis of insuf-

ficient evidence in the record to support it. *E.g., Schilling, supra,* 177 B.R. at 864–65 (Chapter 7 case); and *Brooks, supra,* 129 B.R. at 486–87 (Chapter 13 case). Designations have not been routinely allowed in Chapter 11 reorganization cases, even in the Ninth Circuit, where *Deer Park* was decided. *See In re GLK, Inc.,* 921 F.2d 967 (9th Cir.1990), *cert. denied,* 501 U.S. 1205, 111 S.Ct. 2797, 115 L.Ed.2d 971 (1991). *See also In re North Star Graphics Group, Inc.,* 1990 WL 485407 (Bankr.S.D.Ind. Nov. 9, 1990). The results in *Deer Park,* 10 F.3d at 1482; and *Himes,* 152 B.R. at 201, two of the few allowing such designations, were driven by appellate deference to bankruptcy court findings that the designation was necessary to a reorganization. *Accord, In re Flo-Lizer, Inc.,* 164 B.R. 749 (S.D.Ohio 1994). *See also In re Haas,* 195 B.R. 933, 941 (Bankr. S.D.Ala.1996).

 We cannot make a finding that the designation is necessary to the Debtor's reorganization on the basis of the instant record. The relevant testimony of Moss, quoted at pages 113–14 *supra,* at best supports the conclusion that, if the Plan's designation is allowed to stand, the Plan is likely to succeed because of his efforts. It does not support the conclusion that, were the designation eliminated, the Plan would *not* succeed. It appears to us that a showing that the Plan would fail if the designation were eliminated is a prerequisite to our concluding that such a designation is "necessary" to the Plan's success.

The Debtor's position appears to be that the IRS must show that it is prejudiced by the designation for it to be disapproved. The only case which suggests such reasoning is *Klaska, supra,* 152 B.R. at 250–51. In this Circuit, given the presence of *Pepperman,* we do not consider ourselves at liberty to take the relaxed approach of *Klaska* to the "necessity" prong of *Energy Resources,* even though we do not think that *Pepperman* precludes the application of the principles of *Energy Resources* to a Chapter 13 case such as *Klaska.*

We are therefore compelled to deny confirmation of the Plan. We anticipate, since same was not proven, that the designation is

not so critical to the Plan that the Debtor will refrain from amending the Plan to strike it. Given that the IRS's Objection is the only impediment to confirmation of the Plan, we will enter an order establishing an expedited proceeding for the Debtor's submission of an amended plan, including those revisions agreed to by the Debtor prior to the hearing.

## D. CONCLUSION

An order effecting this decision will be entered.