**In re Yates Milton BROOKS and Alice Joy Brooks, Debtors.**

**Bankruptcy No. B90–01877.**

United States Bankruptcy Court, N.D. Ohio.

May 6, 1991.

Thomas C. Pavlik, Sindell, Rubenstein, Einbund, Pavlik, Novak & Celebrezze, Cleveland, Ohio, for debtors.

Henry J. Riordan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., and Richard French, Asst. U.S. Atty., Cleveland, Ohio, for I.R.S.

## MEMORANDUM OF DECISION

DAVID F. SNOW, Bankruptcy Judge.

This matter came before the Court for consideration of a motion filed by the Yates Milton Brooks and Alice Joy Brooks ("Debtors") pursuant to section 505 of the Bankruptcy Code for a determination of their tax liability to the Internal Revenue Service ("IRS") and IRS' motion for summary judgment.

This chapter 13 case was filed on April 25, 1990; however it is not the Debtors first exposure to the bankruptcy system. In the early 1980's the Debtors were principals of Brooks X–Ray, Inc. ("Brooks"), which filed a chapter 11 case on March 31, 1982 (number B82–01190); that case was converted to chapter 7 on November 1, 1982. The dispute in the present case centers around taxes which were withheld from the wages owed to Brooks' employees but not paid to the IRS. Under the Internal Revenue Code if these "trust fund" taxes are not paid by a corporate employer, the corporate officers responsible for their collection and payment ("responsible persons") are personally liable for a penalty in the amount of the tax. 26 U.S.C. § 6672.

In November 1984 the IRS notified the Debtors that Brooks had failed to pay certain trust fund taxes and that the Debtors were responsible for their payment. This communication apparently prompted Debtors to file a motion in the Brooks case seeking an order directing the trustee to pay the IRS $12,094.92, the amount of the delinquent trust fund taxes. That motion was unopposed and on June 24, 1985 the Court entered an order directing the Brooks' trustee to pay $12,094.92 to the IRS (the "1985 Order"). That payment was made but the IRS allocated the payment first to Brooks' non-trust fund taxes in the amount of $5,377.72; only the balance of $6,717.20 was applied to the trust fund taxes.[1] If the IRS allocation stands, the Debtors would owe the IRS approximately $6,346.56.

The Debtors do not challenge IRS' determination that they are responsible persons within the meaning of section 6672 of the Internal Revenue Code; rather, the Debtors assert that the IRS is bound by the 1985 Order and must in accordance with

1. It appears from the trustee's final report that at the time of the 1985 Order Brooks was obligated to the IRS for an administrative tax claim in the amount of $2,468.23 and a priority claim in the amount of $2,365.92 in addition to the claim for trust fund taxes.

that Order apply the full $12,094.92 to Brooks' trust fund taxes. The IRS contends that the 1985 Order is not binding upon it since it was not properly served either with the motion or with the resulting order. It contends, moreover, that any purported allocation of tax payments in a chapter 7 case is not binding upon it and that it retains the power under its applicable policies to allocate such payment first to non-trust fund taxes notwithstanding a contrary designation by the taxpayer. For the reasons noted below the Court concludes that the IRS' allocation of the $12,-094.92 payment first to Brooks' non-trust fund taxes will not be disturbed.

### Discussion

The 1985 Order entered by the late Judge Ray recites that all creditors were served and directs the trustee to pay $12,094.92 "in full satisfaction of the claim it has filed in the within proceedings." It appears that the only service on the IRS was made by mailing a copy of the motion to the local IRS revenue officer. A motion for an order which attempts to affect the claim of a party must be properly served on that party. When that party is an agency of the United States service must be made upon the United States attorney for the district, the Attorney General of the United States in Washington, D.C., and upon the agency itself. Bankruptcy Rule 7004(b)(5). Here, the Debtors do not assert that they complied with that Rule and no certificate of notice was filed which calls into question IRS' assertion that it did not receive the notice required by Bankruptcy Rule 7004; thus, it appears clear from the record that appropriate service was not made on the IRS.

By its terms the 1985 Order does not purport to allocate the $12,094.92 payment to one tax as opposed to some other tax which would remain unpaid. The language of the Order suggests that the $12,-094.92 would pay IRS' claims in full. There is no indication that Judge Ray was aware that he was being asked to make a tax allocation, especially one that would run counter to established IRS principles. Therefore under the circumstances it appears appropriate to view the 1985 Order

as authorizing only a tax payment without deciding the issue of allocation between trust fund and non-trust fund taxes. But had the allocation issue been focused, no circumstances are suggested which would have justified the Court in allocating the payment first to trust fund taxes.

IRS policy provides different treatment for tax payments depending upon whether they are characterized as voluntary or involuntary. The taxpayer may designate the tax to which a voluntary payment is to be applied. However, if the tax payment is characterized as involuntary, the IRS reserves the right to apply the payment first to non-trust fund taxes without regard to the taxpayer's designation. *See In re Arie Enterprises, Inc.,* 116 B.R. 641 (Bankr.S.D.Ill.1990) and cases cited therein.

The IRS has taken the position that payments made in a chapter 7 liquidation are involuntary and not subject to designation by the taxpayer or the Court. It appears that this position has been supported by most of the cases which have considered the issue. *See, e.g., In re Looking Glass, Ltd.,* 113 B.R. 463 (Bankr.N.D.Ill.1990) and cases cited therein. The recent decision of the United States Supreme Court in *U.S. v. Energy Resources Co., Inc.,* — U.S. —, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990) appears to support this trend. In that case the Court upheld the right of a debtor in possession in a chapter 11 reorganization to designate application of a tax payment first to trust fund taxes notwithstanding IRS' characterization of the payment as involuntary. The Court held that where allocation of the payment first to trust fund taxes was necessary for the debtor's reorganization the bankruptcy court could override the IRS classification. The Court also stressed that the confirmed plan in that case provided for payment of all federal taxes. The Court said "a bankruptcy court has the authority to order the Internal Revenue Service (IRS) to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the bankruptcy court determines that this designation is necessary for the success of a reorganization." 110 S.Ct. at 2140. But the clear implication of the Court's analysis is that

where no such compelling bankruptcy need exists, the IRS rules of allocation should control.

So far as appears from the record there was no such compelling bankruptcy need in the Brooks case. Reorganization was not at issue and the tax payments made pursuant to the 1985 Order were insufficient to pay all of Brooks' taxes. Under these circumstances there is no bankruptcy counterweight to the IRS policy. Therefore, there is no reason in this case to interfere with the IRS allocation of the 1985 payment in Brooks.

The Court's order in conformity with this opinion is attached.

## ORDER

A memorandum of decision having been issued on the Debtors' motion for a determination of their tax liability to the Internal Revenue Service (IRS) pursuant to 11 U.S.C. § 505, the IRS' objection thereto, and the IRS' motion for summary judgment and the Debtors' response thereto, and in accordance with that memorandum of decision,

IT IS ORDERED THAT the claim of the IRS against the Debtors in this case be, and it hereby is, allowed in the amount of $6,346.56.