**In re GREGORY ENGINE & MACHINE SERVICES, INC., Debtor.**

Bankruptcy No. 90–60153.

United States Bankruptcy Court,
E.D. Texas,
Tyler Division.

Jan. 14, 1992.

John Hardy, Hardy & Atherton, Tyler, Tex., for movants David and Lynn Gregory.

Ruth Yeager, U.S. Atty., E.D. Tex., Tyler, Tex., for respondent I.R.S.

OPINION

DONALD R. SHARP, Bankruptcy Judge.

This matter came on for consideration of the Motion of David and Lynn Gregory, parties in interest, to Direct Funds of the Bankruptcy Estate to Cover Trust Fund Portion of Taxes pursuant to regular setting. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and disposes of all the issues presented to the Court.

*Factual and Procedural Background*

Gregory Engine and Machine Services, Inc., hereinafter referred to as ("Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code on February 2, 1990. On February 14, 1991, David and Lynn Gregory, hereinafter referred to as ("Movants"), the one hundred percent stockholders of Debtor also sought protection under Chapter 13 of the Bankruptcy Code. The thread connecting these two bankruptcies is the existence of Debtor's liability for uncollected trust fund taxes pursuant to 26 U.S.C.A. § 6672. Since Movants are the one hundred percent shareholders of Debtor, they are correspondingly liable for these trust fund taxes as responsible parties.[1]

There appears to be little disagreement as to the relevant amount of taxes at issue in this matter. The Internal Revenue Service, hereinafter referred to as ("IRS"), has filed a proof of claim in the amount of $65,000.00 of which approximately $39,-000.00 relates directly to Debtor's unpaid trust fund obligations. Apparently, due to the IRS's status as the premier priority unsecured creditor, the IRS stands to receive, upon distribution, the majority of available assets of the estate. 11 U.S.C.A. § 507(a)(7). Also, due to the status of the trust fund taxes, to the extent such taxes are not paid through Debtor's Chapter 7 bankruptcy such taxes are not discharged. 11 U.S.C.A. § 507(a)(7)(C). It is this last factor which concerns Movants since pursuant to 26 U.S.C.A. § 6672, the IRS can assess any unpaid balance of the trust fund taxes directly against the Movants as responsible parties.

Movants have requested that the Court order the Chapter 7 Trustee in Debtor's case to direct that any payments made on behalf of the IRS's $65,000.00 tax claim be applied first toward the payment of the trust fund portion of the tax claim. The effect would be for Movants to reap the benefit of a dollar for dollar reduction in their ultimate liability to the IRS for the unpaid portion of these trust fund taxes. The IRS counters that this is an impermissible action. The reasoning behind the position of the IRS is obvious. Since trust fund taxes are non-dischargeable, regardless of when such taxes were incurred, the IRS stands to maximize its tax recovery by applying any tax payments first to taxes which are dischargeable or will be dischargeable after the passage of time. On the other hand, Movants argue that if they are required to address the trust fund taxes in toto that Movants will be unable to propose a confirmable Chapter 13 Plan in

---

1. -Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. 26 U.S.C.A. § 6672(a) (West 1989 and Supp. 1991)

their personal bankruptcy proceeding. Movants opine that under appropriate circumstances, a bankruptcy court has discretion to order the IRS to apply tax payments first to the trust fund portion of the IRS's claim if such an application is necessary for the effective reorganization of a debtor. In support of that proposition, Movants have cited the decision of the Supreme Court in *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). While the IRS agrees that the *Energy Resources* case is controlling, the IRS maintains that Movants' reliance on it is misplaced.

### Discussion of Law

■ As acknowledged by the parties, the *Energy Resources* case is the controlling precedent on this issue. In *Energy Resources*, the Court held that if it were necessary for the effective reorganization of a debtor, a bankruptcy court has the authority to order the IRS to designate all tax payments made on behalf of a debtor first towards the payment of the trust fund portions of a debtor's tax liability.[2] 110 S.Ct. at 2141. The Court reasoned that the bankruptcy court's authority to direct tax payments was consonant with "the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relations." *Id.* at 2142.

Since the Supreme Court's holding in *Energy Resources*, numerous other courts have been required to address factual scenarios seeking to expand the Supreme Court's seemingly narrow ruling. In *In re GLK, Inc.*, 921 F.2d 967, 968 (9th Cir.1990) the court of appeals held that a prerequisite to the ability of a Chapter 11 debtor to designate tax payments first toward the payment of trust fund liability was a demonstration that such a designation was necessary to the success of the plan. *Id.* Since the bankruptcy court had found that such a designation was not integral to the success of the plan, the court of appeals held that the debtor's attempt to effect such a designation was impermissible. *Id.* Similarly, in *In re Kare Kemical, Inc.*, 935 F.2d 243, 244 (11th Cir.1991) the court of appeals refused to extend the holding in *Energy Resources* to allow liquidating Chapter 11 plans to designate the order of tax payments to the IRS. The court of appeals reasoned that the rationale for allowing such a designation in reorganizing Chapter 11 cases was not present in a liquidating Chapter 11 plan. *Id.* at 244. *See also In re Jehan–Das, Inc.*, 925 F.2d 237, 238 (8th Cir.1991).

The policy reasons underlying the Court's decision in *Energy Resources* explains why succeeding courts have been reluctant to expand the Supreme Court's holding. Although not stated by the Supreme Court, this Court is of the opinion that allowing a reorganizing Chapter 11 plan to designate that plan payments made to the IRS be applied first to the trust fund portion of a debtor's tax liability is necessary to the effective reorganization of a Chapter 11 debtor in that such a designation correspondingly reduces the responsible person liability of debtor's officers and managers. Given this result, these officers and managers have every incentive to assist in debtor's reorganization. *See Matter of Visiting Nurse Ass'n of Tampa Bay, Inc.*, 128 B.R. 835, 837 n. 5 (Bankr. M.D.Fla.1991). However, where such a tax designation would not serve to further the success of a debtor's reorganization, the courts have uniformly held that designation of tax payments is inappropriate. In most cases, the courts have had to deal with situations in which the attempt on the part of a debtor to designate that tax payments be made first to reduce trust fund tax liability was for the purpose of relieving responsible persons associated with the debtor from that liability.

In *In re Arie Enterprises, Inc.*, 116 B.R. 641, 643 (Bankr.S.D.Ill.1990) a Chapter 7 debtor attempted to designate that any distribution made to the IRS be made first to reduce trust fund taxes. The debtor ar-

---

**2.** The debtor in *Energy Resources* was proposing a reorganizing Chapter 11 plan of reorganiza-tion as opposed to a liquidating plan.

**810**

gued that such a designation was necessary to provide the debtor with a "fresh start." However, the court found that the real purpose behind debtor's designation was to relieve its chief executive officer from liability as a responsible person. Since debtor was in Chapter 7, the court found that reorganization was not at issue. Furthermore, since reorganization was not at issue, the court refused to expand the holding in *Energy Resources* to benefit non-debtor responsible parties. *See In re Equipment Fabricators, Inc.*, 127 B.R. 854, 858 (D.Ariz.1991); *Matter of Visiting Nurse Ass'n of Tampa Bay, Inc.*, 128 B.R. 835, 837 (Bankr.M.D.Fla.1991) (court disallowed the designation of tax payments to the trust fund portion of a liquidating Chapter 11 debtor where the only benefit derived from such a designation would inure to non-debtor responsible persons).

Finally, in the case of *In re Brooks*, 129 B.R. 484 (Bankr.N.D.Ohio 1991) the court was faced with a factual situation somewhat similar to the case at hand. In *Brooks*, the debtors in a Chapter 13 bankruptcy were objecting to the IRS claims for the 100% penalty assessment. In a previous corporate bankruptcy under Chapter 7 an order had been entered requiring payments to be applied to the trust fund portion of the Chapter 7 corporation's tax liability. The court found the previous order invalid for lack of notice and as reorganization had not been at issue in the Chapter 7 proceeding, the court declined to designate the tax payments. The implicit holding of the court is clearly that the benefit to be realized by Chapter 13 debtors in another proceeding is not a significant enough concern to justify an expansion of *Energy Resources*.

█ The Court has been unable to locate and has not been cited to any case discussing the effect of designating payments in one case where those payments would clearly have a beneficial effect on reorganization proceedings in an entirely separate but related proceeding under Title 11. Because that is the precise issue with which we are faced in the instant case, this Court has had to consider that concept in the light of the Supreme Court's holding in *Energy Resources* and the interpretation of that holding by the various lower courts referred to above. It is clear that all of the lower courts that have considered the *Energy Resources* holding have felt constrained to read the holding very narrowly and apply it only where the designation is essential to the effective reorganization of the debtor from whose estate the payment is to be made. This Court interprets the *Energy Resources* holding as a recognition by the Supreme Court that a bankruptcy court's equitable powers to restructure debt should not be unduly restricted where the effective reorganization of a debtor is involved. This Court is convinced that that holding can not be expanded to take into consideration reorganization needs in other cases and other contexts. That type of expansion would unfairly encroach on the authority of the Internal Revenue Service to apply payments in accordance with its rules and procedures in the discharge of its statutory duty to administer the tax laws of the nation. This Court can find no language in the preceding cases which would indicate otherwise. As such, this Court can come to no other conclusion than that Movants' reliance on *Energy Resources* is misplaced. Accordingly, it is the Order of this Court that the Motion to Direct Funds of the Bankruptcy Estate to Cover Trust Fund Portion of Taxes is DENIED.