**In re Roger E. KLASKA, Helen A. Klaska, Debtors.**

**Bankruptcy No. 92–71900.**

United States Bankruptcy Court, C.D. Illinois.

Feb. 8, 1993.

---

Alan D. Bourey, Decatur, IL, for debtors.

James A. Lewis, John W. Duncan, Asst. U.S. Attys., Springfield, IL, for IRS.

John H. Germeraad, Springfield, IL, Trustee.

### *OPINION*

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether the Debtors should be permitted to amend their Chapter 13 plan in order to require the Internal Revenue Service to apply payments received under the plan to the entire income tax obligation prior to payments being applied to the employee taxes.

The Debtors filed their petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on September 14, 1992. The principal creditors are Magna Bank, which holds a $39,000 mortgage on the Debtors' residence, and the Internal Revenue Service, which has a $31,000 unsecured claim. The remaining unsecured claims total approximately $1,000. The Debtors proposed a sixty month plan with monthly payments of $1,100 to the Trustee and regular monthly mortgage payments directly to the secured creditors. The plan promised a 100% dividend to unsecured creditors filing claims. The plan was confirmed on November 3, 1992.

On December 11, 1992, the Debtors filed a petition to amend their Chapter 13 plan.

The Debtors note that the Internal Revenue Service has filed a claim for two different types of taxes; income taxes and employee withholding taxes. The employee withholding taxes arose from a partnership business, and Debtor Roger Klaska's former partner is also making payments on this tax obligation. The Debtors propose to first pay the entire income tax obligation, and then to start making payments on the employee taxes. This will result in the Debtor's former partner paying a larger part of the tax obligation. Hence, the Debtors' total tax obligation will be reduced, and everyone will be paid off sooner.

It would appear that the proposed amendment would make everyone happy. While the plan proposes to pay everyone 100%, the amendment will result in everyone getting their 100% sooner. Feasibility will also be enhanced because the total amount to be paid under the plan will be reduced. Nevertheless, the IRS opposes the amendment. The IRS concedes that it would be in their economic best interest to allow the amendment, and that they may in fact voluntarily do what the Debtors want. However, the IRS believes that it is inappropriate for a Chapter 13 debtor to designate the tax liability which is to be paid first, and the IRS believes that this principle is more important than its economic self interest.

■ The IRS first argues that the proposed amendment is not one of the allowable amendments which may be made to a confirmed plan pursuant to 11 U.S.C. § 1329(a). This argument is without merit. Section 1329(a)(3) specifically provides that a confirmed Chapter 13 plan may be modified to alter the distribution to a creditor "to the extent necessary to take account of any payment of such claim other than under the plan." Here, the Debtors seek to amend the plan to provide for the payment of at least a portion of the employee tax obligation by the Debtor's former partner. Allowing this amendment may reduce the time for payments under the plan and the total amount to be paid by the Debtors under the plan. 11 U.S.C. § 1329(a)(1) and

(2). Thus, there are ample grounds to allow modification under § 1329(a).

The IRS' other objection is more substantial. The proposed amendment would designate that payments to the IRS first be applied to income tax liabilities. The IRS maintains that such designation is inappropriate in a Chapter 13 case.

■ Some background is helpful. IRS policy permits only taxpayers who "voluntarily" submit payments to the IRS to designate the tax liability to which the payment will apply. Rev.Rul. 79–284, 1979–2 C.B. 83. *See, U.S. v. Pepperman*, 976 F.2d 123, 127 (3rd Cir.1992); *In re Deer Park, Inc.*, 136 B.R. 815, 817 (9th Cir. BAP 1992). Courts are split on the question of whether payments made in the bankruptcy context are voluntary or involuntary, *see, U.S. v. Pepperman, supra*, 976 F.2d at 127, and the Supreme Court granted certiorari to resolve this conflict. *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). The Court, however, did not resolve this issue because it determined that

> *[W]hether or not the payments at issue are rightfully considered to be involuntary*, the bankruptcy court has the authority to order the IRS to apply the payments to trust fund liabilities if the bankruptcy court determines that this designation is necessary to the success of a reorganization plan.

*Energy Resources*, 495 U.S. at 548–49, 110 S.Ct. at 2141–2142 (emphasis added). The Court reasoned that the bankruptcy court's authority to direct tax payments was consistent with "the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relations." *Id.* 495 U.S. at 549, 110 S.Ct. at 2142. Thus the characterization of payments as voluntary or involuntary is no longer determinative of whether a debtor may designate the application of tax payments.

■ The IRS argues that *Energy Resources* should not be extended beyond the Chapter 11 reorganization context. While courts have generally refused to extend *Energy Resources* to Chapter 7 cases, *See,*

*U.S. v. Pepperman, supra,* 976 F.2d at 129 (collecting cases), one court has applied *Energy Resources* to a Chapter 11 liquidation plan. *In re Deer Park, Inc., supra,* 136 B.R. at 811. No court has ruled that *Energy Resources* is inapplicable to Chapter 13 cases, but *Energy Resources* has been found to be inapplicable to the facts of some Chapter 13 cases. *In re Bates,* 974 F.2d 1234, 1236 (10th Cir.1992); *In re Divine,* 127 B.R. 625, 629 (Bankr.D.Minn. 1991). Certainly, Chapter 13 is a reorganization chapter, and *Energy Resources* refers generally to "reorganization plans." Moreover, the authority relied on in *Energy Resources* is equally applicable to Chapter 13 as it is to Chapter 11: 11 U.S.C. § 105 is applicable to all chapters of the Code and the language of 11 U.S.C. § 1123(b)(5) is repeated in 11 U.S.C. § 1322(b)(10). Accordingly, the Court finds that *Energy Resources* is applicable to Chapter 13.

■ The IRS argues that even if *Energy Resources* is applicable to Chapter 13, this is not an appropriate case for the Court to exercise its broad authority to order the IRS to apply payments to certain tax liabilities. More specifically, the IRS argues that permitting the Debtors to designate the application of their payments to the IRS is not necessary to the success of the Debtors' reorganization plan. The IRS notes that there already is a confirmed plan in this case which pays out 100% in five years. The Court does not read the "necessary" language of *Energy Resources* as narrowly as the IRS. As it stands today, there is little margin for error in the current plan; the Debtors are paying a substantial sum for five years, the maximum length of a Chapter 13 plan. *See,* 11 U.S.C. § 1329(c). If some emergency arises, the Debtors do not have the luxury of missing a payment or extending the plan because they are already at the limit. Allowing the proposed amendment can only decrease the total amount the Debtors will have to pay and shorten the time period needed to complete the payments. This will clearly enhance the feasibility of the plan, and the Court believes that this is sufficient to satisfy *Energy Resources.*

The IRS argues that any benefit to the Debtors in this case is merely speculative. While it is true that the other party making payments on the employee taxes may for some reason stop making payments, the fact remains that the other party has made payments and is continuing to make payments. If for some reason the other party stops making payments, no one will be worse off. The speculative nature of the third party additional payments is not a compelling reason to deny the amendment.

The IRS' position in this case is difficult to fathom. In *Energy Resources* and most other cases, the debtor is seeking to pay the trust fund taxes first. *See, Energy Resources, supra,* 495 U.S. at 550, 110 S.Ct. at 2142 ("The Government is correct that, if it can apply a debtor corporation's tax payments to nontrust fund liability before trust fund liability, it stands a better chance of debt discharge because the debt that is not guaranteed will be paid off before the guaranteed debt."); *U.S. v. Pepperman, supra; In re Deer Park, supra; In re Gregory Engine & Machine Services, Inc.,* 135 B.R. 807 (Bankr.E.D.Tex.1992). Here, the Debtors propose to pay the income taxes first, and save the nondischargeable, trust fund employee taxes for later. This is the position usually advocated by the IRS and in the best interest of the IRS. While it is not unprecedented for the IRS to take a seemingly illogical position, *See, e.g., In re Volle Electric, Inc.,* 139 B.R. 451 (C.D.Ill.1992), the Court finds the IRS' position in this case to be truly baffling.

It is important to emphasize that while the Debtors are hoping to decrease the amount which they will have to pay the IRS, they are not seeking to reduce the amount which will be paid to the IRS. The IRS will be paid 100% under both the plan and the amended plan; they will get their 100% sooner under the amended plan because another responsible person will contribute to the employee taxes before the Debtors are required to do so. Further, the IRS will be better off under the amendment because the nondischargeable trust fund taxes will be saved till last. Thus, the

proposed designation will enhance rather than compromise the IRS' right to be assured of full payment of its tax claim.

For the foregoing reasons, the Debtors' Petition to Amend Chapter 13 Plan is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.