In re KENT HOLLAND DIE CASTING
& PLATING, INC. and Holland Die
Casting & Plating, Inc., Debtors.

Douglas L. LEITCH, Trustee,
Plaintiff–Appellant,

v.

The LIEVENSE INSURANCE AGENCY,
INC., Defendant,

and

Aetna Casualty & Surety Co.,
Defendant–Appellee.

Bankruptcy Nos. NG83–03069,
NG83–03070.
Adv. No. 88–0283.
File No. 1:89–CV–1011.

United States District Court,
W.D. Michigan, S.D.

Feb. 13, 1990.

Kenneth G. Hofman, Miller, Johnson, Snell & Cummiskey, Dalman, Murphy, Bidol & Bouwens, P.C., Holland, Mich., for plaintiff-appellant.

Robert A. Hendricks, and Scott A. Huizenga, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for defendant-appellee.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

### INTRODUCTION

This matter comes before the Court on appeal from the United States Bankruptcy Court, Western District of Michigan, pursuant to Title 28 United States Code Section 158. On September 21, 1989, the bankruptcy court issued an order which dismissed

defendant-appellee Aetna Casualty & Surety Co. (hereinafter "Aetna") from Adversary Proceeding No. 88–0283. On October 3, 1989, the court certified this order as a final judgment. A timely appeal by the plaintiff-appellee, Douglas L. Leitch (hereinafter "Trustee") followed. For the following reasons, the bankruptcy court's decision is affirmed.

## FACTS

The debtor, Kent Holland Die Casting & Plating, Inc., (hereinafter "KHI") filed a voluntary Chapter 11 petition on December 7, 1983. The case was converted to a Chapter 7 liquidation proceeding on July 16, 1986 and an interim trustee was appointed by the bankruptcy court on that date. On September 3, 1986, a permanent trustee was appointed.

Lievense Insurance Agency, Inc. (hereinafter "Lievense"), a Michigan corporation which is not a party to this appeal, is an independent insurance broker which procures insurance products for its clients from many insurance companies, including Aetna. At the request of KHI, Lievense secured workmen's compensation insurance for it from Aetna.

In an attempt to recover certain alleged preferential transfers made by KHI to Lievense, the Trustee sued Lievense on June 30, 1988. On June 5, 1989, the Trustee amended his complaint in an attempt to add Aetna as an additional defendant in the proceeding. On September 1, 1989, Aetna filed a motion for summary judgment. Following briefs and oral arguments, the bankruptcy court dismissed Aetna as a defendant based upon the two-year statute of limitations contained in Section 546(a)(1) of the Bankruptcy Code. *See* 11 U.S.C. § 546(a)(1). A timely appeal to this Court by the Trustee followed.

## STANDARD OF REVIEW

█ On appeal the district court cannot set aside the bankruptcy court's findings of fact unless they are clearly erroneous. Bankr.R. 8013; *Newton v. Johnson (In re Edward M. Johnson & Associates, Inc.)*, 845 F.2d 1395, 1400 (6th Cir.1988); *DuVoisin v. Foster (In re Southern In-*

*dustrial Banking Corp.)*, 809 F.2d 329, 331 (6th Cir.1987). However, the district court may make an independent examination of any question of law or mixed questions of law and fact. *Byron Center State Bank v. Lake Odessa Livestock Auction, Inc. (In re Van Rhee )*, 80 B.R. 844, 846 (Bankr.W. D.Mich.1987).

## ANALYSIS

█ Within two years of his appointment, a bankruptcy trustee must commence any action for the avoidance and recovery of a preferential transfer. 11 U.S.C. § 546(a)(1). In order to commence an action against a party, a complaint asserting that the party is responsible for the alleged harm must be filed with the court. Bankr.R. 7003; Fed.R.Civ.P. 3. If an action is not commenced against a party within the two-year time span established by Section 546(a)(1), the trustee is barred from asserting the claim at a later date. However, in certain limited circumstances, Rule 15(c) of the Federal Rules of Civil Procedure permits an amended complaint changing the party against whom a claim is asserted to relate back to the date of the original pleading for limitations purposes. Bankr.R. 7015; Fed.R.Civ.P. 15(c). The Trustee argues that the bankruptcy court erred in ruling that the June 5, 1989 amended complaint did not relate back to June 30, 1988, the date the initial complaint was filed by the Trustee.

The Trustee argues that Rule 15(c) permits an additional party to be added to an action at any time without regard to the limitation period if certain requirements are met. These requirements are as follows:

1. The basic claim must have arisen out of the conduct set forth in the original pleading;

2. The party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

3. The party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

4. The second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 21, 29–30, 106 S.Ct. 2379, 2384–85, 91 L.Ed.2d 18 (1986). The Trustee argues that since these requirements have been met the bankruptcy court erred in granting Aetna's motion for summary judgment.

■ The Court notes that Rule 15(c) is intended to permit a party who has mistakenly sued the wrong party to amend its complaint after the limitations period has run to substitute the proper party for the wrongly sued one. Fed.R.Civ.P. 15(c). For example, Rule 15(c) permits a plaintiff to commence an action against a successor corporation if the attempted service upon the predecessor corporation satisfies the four *Schiavone* requirements. *E.g., Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir.1982). This rule may also permit a plaintiff to commence an action against the proper governmental agency or official when he has inadvertently sued the improper agency or official. Fed.R.Civ.P. 15(c) advisory committee's note. Finally, Rule 15(c) permits amended pleadings correcting mere misnomers to relate back to the date the original pleading was filed. *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973).

■ However, Rule 15(c) is inapplicable to situations where a party seeks to add an additional party to the action. A holding that Rule 15(c) permits an additional party to be added to an action whenever the *Schiavone* requirements are met is not only contrary to the plain language of Rule 15(c)[1] but would also serve to emasculate completely any form of a statute of limitations. Accordingly, it is well established in

this circuit that an amendment which seeks to add a party to the original suit cannot relate back under Rule 15(c) for limitation purposes. *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir.1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979). The *Schiavone* decision does not disturb this principle in any manner. Thus, the Court, as did the bankruptcy court below, declines to accept and follow the Trustee's argument.[2]

## CONCLUSION

For the reasons stated above, the decision of the bankruptcy court is affirmed and the Trustee's appeal is dismissed.

1. Rule 15(c) of the Federal Rules of Civil Procedure provides in the relevant part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing* the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the mer-

its, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
Fed.R.Civ.P. 15(c) (emphasis added).

2. The Trustee also argues that Aetna is estopped from asserting the statute of limitations. In addition, he argues that Aetna received constructive notice of the suit against it within the limitations period since its agent, Lievense, was served within this period. *See, e.g., Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir.1986). Since these issues are raised for the first time on appeal, the Court will not address their merits. Bankr.R. 8006.