MONSANTO INDUSTRIAL
CHEMICALS, INC.,
Plaintiff/Appellee,

v.

Richard L. HARRIS,
Defendant/Appellant.

No. 92–4921.

United States District Court,
E.D. Michigan, S.D.

July 9, 1993.

## OPINION AND ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

EDMUNDS, District Judge.

This cause comes before the Court on defendant/appellant Richard Harris' appeal of an order issued by the Bankruptcy Court on July 8, 1992 granting Plaintiff Monsanto Industrial Chemical Inc.'s motion for summary judgment and denying Defendant's motion for summary judgment. For the reasons stated in this opinion, the decision of the bankruptcy court is affirmed.

### Facts

The facts, as set forth in the Bankruptcy Court's opinion, are basically undisputed. Sometime in late 1969 or early 1970, a Judgment of Divorce was entered in the case of *Edna Pearl Harris v. Richard L. Harris,* Wayne County Circuit Court No. 69–138469– DM. Pursuant to that judgment, Mrs. Harris was granted custody of the couple's two children, and Richard Harris ("Harris") was ordered to pay child support. Apparently, Harris failed to meet his child support obligations, and in 1988 a receiver was appointed to collect past due support payments out of sums owed to Harris from a workers' disability compensation claim pending against Monsanto. By mistake, inadvertence or neglect, Monsanto paid the disability benefits to Harris rather than to the receiver. Upon Receiver's Order to Show Cause, a judgment was entered against Monsanto on January 23, 1991, in favor of the receiver and Monsanto paid the judgment.[1]

On February 20, 1991, Monsanto filed a motion in state court seeking subrogation and contribution and obtained a judgment against Harris. The February 20 order stated in pertinent part:

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant, RICHARD L. HARRIS shall be and *is hereby liable* to the Respondent, MONSANTO INDUSTRIAL CHEMICALS, CO. *for child support* paid on his behalf as a result of an Order entered on 1–23–91 against MONSANTO in the amount of $14,162.51 plus interest.

(Emphasis added).

On September 4, 1991, an Amended Order of Judgment was entered in favor of Monsanto against Harris. The Amended Judgment stated in pertinent part:

IT IS HEREBY ORDERED AND ADJUDGED that MONSANTO INDUSTRIAL CHEMICALS CO., shall be and is hereby *subrogated* to all legal rights and remedies of the Plaintiff, EDNA PEARL HARRIS against RICHARD L. HARRIS under the Child Support and Visitation Enforcement Act to the extent of the amount of this judgment, in addition to all other rights and remedies at law.

(Emphasis added). Approximately one hour before the Amended Order of Judgment was entered, however, Harris filed a Chapter 7 bankruptcy petition.

Monsanto filed a motion for summary judgment asserting that its state court judgment against Harris was not a dischargeable debt pursuant to 11 U.S.C. § 523(a)(5). That section provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does *not* discharge an individual debtor from any debt—

.    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, *but not to the extent that—*

(A) such debt is assigned to another entity, voluntarily, by operation of law, or

---

1. Although Harris claims that the Wayne County Friend of the Court was mistaken as to the existence of past due child support payments, that issue is not before this Court.

otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State);

(Emphasis added). Harris filed a cross motion for summary judgment asserting that Monsanto's judgment was dischargeable because the amount involved was payable to a third party rather than to a spouse, former spouse or child of the debtor as required by the statute. Harris also asserted that the debt was in essence, an assignment to Monsanto, and thus was dischargeable pursuant to § 523(a)(5)(A). The Bankruptcy Court rejected Harris' arguments and held that Monsanto's state court judgment was not a dischargeable debt. This appeal followed.

**Standard of Review**

On appeal, the district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard. Bankr.R. 8013; *Newton v. Johnson,* 845 F.2d 1395, 1400 (6th Cir.1988); *DuVoisin v. Foster,* 809 F.2d 329, 331 (6th Cir.1987). Questions of law or mixed questions of law and fact are reviewed independently. *Kent Holland Die Casting and Plating, Inc. v. Lievense Insurance Agency, Inc.,* 126 B.R. 733 (W.D.Mich.1990), *aff'd,* 928 F.2d 1448 (6th Cir.1991). Because the facts in the case at bar are undisputed, this Court need only decide whether the Bankruptcy Court properly applied the law.

**Non–Dischargeable Support Debt: 11 U.S.C. § 523(a)(5)**

Harris first asserts that the Bankruptcy Court improperly held that Monsanto's judgment constituted non-dischargeable support debt to a spouse, former spouse or child of the debtor. In light of the bankruptcy code's

"fresh start" policy for debtors, Harris argues that any exception to dischargeability should be narrowly construed; since the code does not say that debts owed to third parties (other than the state or federal governments) are not dischargeable, such debts are dischargeable.

■ In holding Monsanto's judgment non-dischargeable, Judge Shapero, found that the bankruptcy code does not require that the support debt be directly *payable* to the spouse, former spouse or child to be non-dischargeable. The debt retains its character as support debt notwithstanding the fact that it is payable to Monsanto. "What we are dealing with is ... the support debt itself, not to whom that debt might be payable". (Opinion of the Bankruptcy Court at 4); *In re Morris* 14 B.R. 217 (Bankr.D.Colo. 1981) (section 523(a)(5) includes cases where the child's only right to payment is the right to payment of a third party). This Court agrees with the Bankruptcy Court that:

To decide otherwise would be to in effect render dischargeable an obligation which Congress clearly said is non-dischargeable in most situations where the party with the support obligation refuses to pay and enforcement procedures involving third parties are invoked to enforce that obligation. One should not lightly find such congressional intent or so reward the recalcitrant.

(Bankruptcy Court opinion at 4).[2]

While no case law was cited with facts precisely analogous to the case at bar, Judge Shapero's reliance on *In re Morris* appears wholly appropriate.[3] Monsanto's brief cites additional support (some of it indirect) for the proposition that debt to third parties may be non-dischargeable under § 523(a)(5). *See, e.g., In re Bedingfield,* 42 B.R. 641 (D.C.Ga.

---

**2.** Harris takes exception to this paragraph of the Bankruptcy Court's opinion as a "parade of horrible[s]." (Response Brief at 10).

**3.** Harris' brief takes exception to the Bankruptcy Court's reliance on *Morris.*

[Morris] is of questionable value to this court due to the fact that it appears to be interpreting the Code prior to the changes that were made in 1981. The Bankruptcy Court in Colorado goes on to a great extent as to how the language in Congress is ambiguous as to

whether the preposition 'to' modifies either payment or duty. No where in the present 11 U.S.C. 523(a)(5) is the word 'duty' used. Perhaps Congress, which modified 11 U.S.C. 523(a)(5) in the Omnibus Budget Act of 1982 ... cleaned up the ambiguous language....

Upon review of the 1981 version of § 523(a)(5), this Court notes that the term "duty" is not used. This Court sees no significant difference between the current version of § 523(a)(5) and the 1981 version.

1983); *In re Holt*, 40 B.R. 1009 (D.C.Ga. 1984); *Stranathan v. Stowell*, 15 B.R. 223 (D.C.Neb.1981). While Harris' reply brief attacks each of these cases as inapplicable, he cites no case law in support of his position.

■ In paying the receiver, Monsanto paid the child support obligation which Harris could not (or did not) discharge. The nature of the debt which Harris owed to his children did not change simply because it became payable to Monsanto rather than to the children. Harris cites this Court to no contrary authority, thus, the Bankruptcy Court properly concluded that Monsanto's judgment was support debt within § 523(a)(5).

**The Exception to Non–Dischargeable Support Debt: § 523(a)(5)(A)**

■ Harris next asserts that Monsanto's judgment is dischargeable pursuant to § 523(a)(5)(A). That section provides an exception to the general rule regarding the non-dischargeability of support debt where:

(A) such debt is *assigned to another entity, voluntarily, by operation of law, or otherwise* (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State);

(Emphasis added).

It is Harris' position that the state court judgment operated as an assignment of the child support debt to Monsanto. While Harris concedes that the debt was not assigned voluntarily, he notes that the statute says "voluntarily, by operation of law, *or otherwise*." Although he cites no authority, Harris asserts that the facts of this case fall within the term "otherwise".

In determining that Monsanto's judgment did not fall within the non-dischargeability exception, the Bankruptcy Court first analyzed the nature and character of Monsanto's debt, concluding that it was in the nature of subrogation rather than assignment.[4] This Court finds no error in that conclusion. Judge Shapero went on to state:

[I]f, as appears to be the case, there was and is a recognized substantive distinction between 'assignment' and 'subrogation', as a matter of statutory construction one ought to assume that Congress both appreciated that difference, and, by using only one of the two terms meant only that. In such case, one is not free to indulge in a result oriented analysis the effect of which would be to ignore the substantive distinction between the two terms or concepts particularly where, as here, the indicated statutory policy considerations tend to dictate that any exception to the concept of the non-dischargeability of child support obligations ought to be narrowly, rather than broadly, construed. Furthermore, an assignment which arises by operation of law 'or otherwise' using the statutory terms is nevertheless still an 'assignment' and thus to be differentiated from a claim arising under principles subrogation.

(Bankruptcy Court. Opinion at 8).

Because it appears to this Court that Judge Shapero correctly concluded that Monsanto's debt arose via subrogation rather than assignment, the Court finds no error in his conclusion that the debt is not dischargeable. For the foregoing reasons, the Bankruptcy Court's order holding Monsanto's debt non-dischargeable is hereby AFFIRMED.

---

**4.** For purposes of its analysis, the Bankruptcy Court relied solely on the February 20, 1991 judgment, not on the September 4, 1991 judgment which may have been inappropriately entered *after* the filing of Harris' bankruptcy petition.